## Milton, et al. v. Campbell.

(Decided October 21, 1924.)

### Appeal from Ohio Circuit Court.

1. Sales—Where Contract Referred to Specific Cattle, Court Properly Allowed Proof of Kind of Cattle.—In action for damages for refusal to accept cattle, where contract referred to specific bunch of cattle, court properly allowed proof as to kind of cattle they were as bearing on whether they were fat and in good condition when tendered as required by contract.

2. Sales—Testimony that Defendant had Sold Cattle to Another at Certain Price Held Immaterial.—In action for damages for refusal to accept cattle, where issue was whether cattle were fat and in good condition court properly refused to allow defendant to testify that he had cattle sold to another at certain price if fat and in good condition and that he so told plaintiff when tendering cattle.

3. Sales—Burden of Proof on Seller Suing for Damages as to Quality of Cattle.—In action for damages for refusal to accept cattle, rejected because they were not fat and in good condition, as required by contract, burden of proof rested on plaintiff to show that cattle were fat and in good condition.

4. Sales—Instruction Stating Law of Case Indicated.—Proper instruction, stating law of case in action for damages for refusal to accept cattle as fat and in good condition, stated.

BARNES & SMITH for appellants.

A. D. KIRK and GLOVER H. CARY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

On September 30, 1920, appellants, C. P. Turner and B. J. Milton, partners doing business under the firm name of Turner & Milton, made the following written contract with appellee, Walter Campbell:

"We have purchased 31 head of cattle from W. B. Campbell at 11c per lb.; said cattle are to be fed by Campbell on his farm and are to be delivered at Hartford, Ky., on March 20 to April 15, 1921; said cattle are to be fat and in good condition.

"Witness our hand this the day and date above written.

"TURNER & MILTON,
By C. P. TURNER."

The time for the delivery of the cattle was by consent extended to April 19, 1921. Campbell on that day tendered the cattle at Hartford, and Turner, acting for Turner and Milton, declined to receive them on the ground that all of the cattle were not fat and in good condition. He offered to receive, under the contract, all that were fat and in good condition, but Campbell insisted that all the cattle were fat and in good condition and refused to allow him to receive any unless he took them all. Thereupon Turner declined to accept the cattle. Campbell sold them for about $1,100.00 less than he would have received under the contract and brought this action against Turner and Milton to recover for the loss. Judg-

ment was entered in his favor in the circuit court and they appeal.

There was no material error of the court in admitting or rejecting evidence. The contract referred to a specific bunch of cattle and the circuit court properly allowed proof as to the kind of cattle they were, for these facts may properly be taken into consideration in determining whether they were fat and in good condition when tendered for delivery.

The circuit court properly refused to allow Turner to testify that he had the cattle sold to another at more than 11c if fat and in good condition and that he so told Campbell when he tendered the cattle to him, for this testimony threw no light on the question whether the cattle were fat and in good condition, which was the only real question in the case. It is true that Campbell did not offer to deliver the original 31 head of cattle, but had substituted several head of other cattle for reasons that need not be stated here, but this was done with the acquiescence of Turner, who was at Campbell's house and made no objection to the substitution, and when the cattle reached Hartford he only objected to taking them on the ground that some of them were not fat and in good condition. So this was the only real question in the case to be submitted to the jury.

The instructions of the court to the jury placed the burden of proof upon the defendant. This was error. The burden of proof rested upon the plaintiff to show that the cattle were fat and in good condition. In lieu of the first and second instructions on another trial the court will give the jury these instructions:

1.  If the jury believe from the evidence that all of the cattle the plaintiff offered to deliver to the defendants were fat and in good condition on the day plaintiff offered to deliver them, the jury will find for the plaintiff.

2.  Unless the jury so believe from the evidence, that is, unless they believe from the evidence that at the time plaintiff offered to deliver said cattle to the defendants, all of them were fat and in good condition, the jury will find for the defendants.

These two instructions with an instruction on the measure of damages, as given by the court before, are the whole law of the case under the proof.

Judgment reversed and cause remanded for a new trial.